Filed          25-CI-01527 07/16/2025          John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM
81717-7

**COMMONWEALTH OF KENTUCKY**
**KENTON CIRCUIT COURT**
**CASE NO. _____**

| | | |
|---|---|---|
| JAMIR DAVIS, | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT FOR DAMAGES** |
| | : | **JURY TRIAL DEMANDED** |
| vs. | : | |
| | : | |
| JEFF MANDO, ADAMS LAW PLLC, | : | |
| and CITY OF COVINGTON, and DOES 1-40 | : | |
| individually and in their official capacity, | : | |
| | : | |
| Defendants. | : | |

### INTRODUCTION

1. This case will expose a series of lies intended to disrupt, deflect, and ultimately protect the City of Covington's long-standing pattern of shielding its worst police officers from accountability. At its core, this case arises from a coordinated campaign of intimidation and retaliation against a civil rights attorney, JAMIR DAVIS, who dared to challenge systemic misconduct by the City's most notorious officers.

2. On multiple occasions, Covington police officers, acting under the authority of the CITY, drove past the offices of J. Davis Law Firm, PLLC, and directed threatening hand gestures at JAMIR and his staff—gestures simulating a gun being pointed and fired. These targeted acts of intimidation were not isolated incidents; they were part of a broader pattern of harassment and retaliation meant to silence criticism and discourage advocacy on behalf of marginalized communities.

3. This behavior caused Plaintiff and his employees significant fear and distress, leading Plaintiff to install security cameras at his office, which documented and recorded the vehicle involved in these threatening acts.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000001 of 000026

4. This lawsuit concerns not only these intimidation tactics but also the unlawful retaliation Plaintiff has faced for filing lawsuits on behalf of Kentucky citizens who were harassed by Covington police officers.

5. The retaliation has included false statements made to federal judges.

6. This case further involves deliberate misrepresentations intended to interfere with an officer of the court and his business opportunities, along with threatening and distressing conduct enabled by public officials.

7. Defendant Jeff Mando and Adams Law PLLC, who represent the City of Covington Police Department and have been directly involved in defending its officers, deliberately breached their duty of honesty and accuracy to the Court by misrepresenting the legal arguments made by Jamir Davis in order to portray Plaintiff as using false or inaccurate law. These representations were untrue and are contradicted by evidence including  deposition testimony.

8. At all times, Plaintiff understood and correctly applied the relevant law and policies in this matter and never sought to mislead the Court. Defendant Mando and Adams Law PLLC however, knowingly made false statements of material fact, harming Plaintiff's professional reputation.

9. The Defendants further collaborated with media outlets to spread these false statements and a misleading narrative.

10. This conduct amounts to civil assault and intentional infliction of emotional distress and reflects a disturbing abuse of authority by the City of Covington, which is responsible for the actions of its officers, as well as by its legal representative, Defendant Jeff Mando and Adams Law PLLC, who have actively enabled and defended this misconduct.

Filed          25-CI-01527 07/16/2025          John C. Middleton, Kenton Circuit Clerk

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000002 of 000026

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM
81717-7

## JURISDICTION

11. This Court has subject matter jurisdiction pursuant to KRS § 23A.010, as the acts and omissions giving rise to this Complaint occurred within the Commonwealth of Kentucky.

12. Venue is proper in this Court under KRS § 452.410 because the Defendant resides and practices law within this jurisdiction and the harm to Plaintiff occurred in this County.

## PARTIES

13. Plaintiff, Jamir Davis, hereinafter "JAMIR" is and at all times herein mentioned was a resident of Kenton County, Kentucky, and is the managing attorney of J. Davis Law Firm, PLLC.

14. Defendant, Jeff Mando, hereinafter "MANDO" is an individual and licensed attorney practicing in Covington, Kentucky is named herein as a Defendant is the managing attorney of Adams Law and is the attorney of record for the City of Covington.

15. Defendant, Adams Law PLLC, hereinafter "ADAMS LAW" is named herein as a Defendant and is a practicing law firm in the City of Covington.

16. The City of Covington, hereinafter "CITY" is a municipal entity organized under the laws of the Commonwealth of Kentucky and is responsible for the conduct of its employees, including law enforcement officers.

17. DOES 1–40 are named fictitiously because Plaintiff is currently unaware of the identities of the other officers involved.

## PROCEDURAL HISTORY

18. This case arises from the misconduct of Defendant Jeff Mando, in both his official and individual capacity, Adams Law PLLC, and the City of Covington, during and following the federal civil rights litigation styled *Wynn v. City of Covington*, Case No. 2:21-cv-00137, in the United States District Court for the Eastern District of Kentucky.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000003 of 000026

Filed                25-CI-01527 07/16/2025        John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM                                                                              81717-7

19. On August 16, 2024, the District Court issued a Memorandum Opinion and Order granting summary judgment in favor of the defendants and subsequently imposed sanctions under 28 U.S.C. § 1927 against Plaintiff Jamir Davis, counsel for Mr. Wynn, based on misrepresentations made by DEFENDANT MANDO. (Doc. #84).

20. Defendant MANDO falsely asserted to the Court that Plaintiff Davis had "unreasonably and vexatiously multiplied the proceedings" and refused to concede on frivolous claims. However, MANDO never provided any evidence that Plaintiff was ever contacted regarding dismissal or that he had knowledge of any impending motion. No email, letter, or conversation was offered into the record to substantiate that Plaintiff was placed on notice or acted in bad faith.

21. When Plaintiff requested that MANDO produce any such communication, MANDO failed to respond and made no effort to clarify or correct the record.

22. These false assertions were used by MANDO to secure sanctions against Plaintiff. The Court, relying on MANDO's unsubstantiated claims, concluded that JAMIR had acted vexatiously and unethically.

23. In truth, JAMIR has never been disciplined in any fashion, nor has he ever had a bar complaint filed against him. His conduct has always reflected the ethical and zealous advocacy expected of a civil rights attorney representing marginalized and vulnerable clients.

24. Following the Court's ruling, the CITYpublicly referenced the sanctions order, using it to harm JAMIR's professional standing. These acts contributed to further reputational damage and compounded the harm caused by ADAMS LAW and CITY's litigation misconduct.

**STATEMENT OF FACTS**

**A. False Allegation of Personal Liability Against Plaintiff's Counsel**

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000004 of 000026

Filed            25-CI-01527 07/16/2025            John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM                                                                        81717-7

25. On or about September 13, 2024, Defense Counsel Jeff MANDO filed a motion for sanctions in the United States District Court for the Eastern District of Kentucky, alleging that Plaintiff, Jamir Davis, had "unreasonably and vexatiously multiplied the proceedings" in violation of 28 U.S.C. § 1927.

26. MANDO asserted that JAMIR refused to concede claims when the frivolity of those claims should have been apparent.

27. **However, prior to filing the summary judgment motion or any related motion, MANDO never contacted JAMIR to request dismissal or to confer on the merits of the claims.**

28. **There was no letter from MANDO, phone call, email, or other communication requesting dismissal or discussing the viability of claims.**

29. When JAMIR requested that MANDO produce any such correspondence, MANDO failed to respond and failed to acknowledge the absence of any prior communication. (See Exhibit A – Email Correspondence Requesting Documentation of Prior Communications).

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000005 of 000026

Filed                25-CI-01527 07/16/2025        John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM
81717-7



Wynn v Covington, et al [IMAN-DMS.FID597873]  External  Inbox

**Jeff Mando**                                                                          Feb 24, 2025, 10:43 AM
Jamir: Because of another 6th Circuit Brief that I had to file on Friday and an upcoming weeklong jury trial with pretrial filings and hearings, I need some add

**Jamir Davis**                                                                         Feb 24, 2025, 1:10 PM
Jeff, You filed a motion for attorney's fees against me in my capacity as an attorney without notice or any previous accusation of wrong doing. I'm not amicable

**Jeff Mando**                                                                          Feb 24, 2025, 3:33 PM
Jamir: I am disappointed. I have granted you numerous extensions throughout the course of the litigation and was looking for some reciprocity. I filed the Motio

**Jamir Davis**                                                                         May 6, 2025, 5:04 PM
I want to state this with all sincerity and professionalism: at no point did you request that I dismiss any of the causes of action prior to your motion for sum

**Jeff Mando**                                                                          May 7, 2025, 8:45 AM
Good morning, Jamir ! First, and with all due respect, the 1/1/21 claim, and the equal protection and self-incrimination claims, should never have been asserted

**Jamir Davis** <jdavis@jdaviscounsel.com>                                             May 7, 2025, 11:43 AM
to Jeff

Mr. Mando,

You have a duty to be truthful to the court, regardless of your client's requests. Again, I am formally requesting that you provide any correspondence where you asked me to dismiss any cause of action prior to filing your Motion for Summary Judgment or at any time thereafter. If such correspondence exists, please produce it. If it does not, I would appreciate your acknowledgment of that fact.

**Jamir Davis, Esq.**
PRESIDENT

**J.D.**

J. DAVIS LAW FIRM, PLLC

PHONE ▸ (859) 750-5033
MAIL ▸ 328 SCOTT ST., COVINGTON, KY 41011
EMAIL ▸ JDAVIS@JDAVISCOUNSEL.COM

30. MANDO failed to respond at all to JAMIR's email requesting correspondence or confirmation that none existed.

31. The absence of such communication directly refutes the assertion by MANDO that JAMIR refused to concede claims after notice because JAMIR was never put on notice that MANDO and CITY were filing a motion for summary judgment.

32. MANDO's misrepresentation led the Court to believe Plaintiff had been given an opportunity to dismiss meritless claims and refused in bad faith, resulting in the imposition of sanctions under a false premise.

33. No such communication between MANDO and JAMIR ever occurred.

**B. Withholding Evidence and Misleading the Court About Discovery**

**FALSE REPRESENTATIONS CONCERNING EQUAL PROTECTION CLAIM**

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000006 of 000026

Filed 25-CI-01527 07/16/2025 John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL DOCUMENT
07/24/2025 03:34:06 PM
81717-7

34. MANDO also misled the Court by falsely asserting that proceedings were duplicated because he and the CITY were forced to readdress a claim of equal protection on summary judgment.

35. MANDO and Adams Law argued that JAMIR should be sanctioned for forcing Defendants to relitigate an Equal Protection claim that should have already been disposed of.

36. However, neither MANDO, ADAMS LAW,  nor the CITY addressed the Equal Protection claim in their original motion for summary judgment. The claim was entirely omitted from DEFENDANTS' moving papers.[1]

37. In his Appellee Brief, MANDO specifically admitted that he did not address the Equal Protection claim in the original motion.

38. MANDO explicitly stated:

"Because Wynn failed to assert an Equal Protection claim in his Complaint, neither the Defendants nor the District Court were required – or even able – to address it. In short, Defendants were not obligated to preemptively argue against a claim that was never properly raised, and the District Court was not required to consider an argument that was not meaningfully pled." (Appellee Br., p. 27).

39. This admission confirms that DEFENDANTS never substantively addressed the Equal Protection claim in their original motion for summary judgment..

40. Despite this, MANDO and ADAMS LAW falsely accused JAMIR of unreasonably multiplying proceedings by continuing to litigate a claim that DEFENDANTS themselves admittedly failed to address.

---

[1] In his original motion for sanctions, MANDO stated that JAMIR had failed to provide evidence that there even existed an equal protection claim, stating that plaintiffs "could not supply any evidence of  racial discrimination". This information was considered by the judge in granting sanctions.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000007 of 000026

Filed                    25-CI-01527 07/16/2025          John C. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

41. MANDO and ADAMS LAW then submitted a sworn affidavit to the Court falsely claiming that he and his associates spent "20%" of their time defending the Equal Protection claim. This statement was a material misrepresentation. It directly contradicts the position taken in his own appellee brief, where he admitted that Defendants did not address the Equal Protection claim in their original motion for summary judgment at all.

42. MANDO then knowingly falsified records by claiming that he spent 28.7 hours defending the Equal Protection claim—despite previously stating that he did not even know the claim existed at that stage. Moreover, he claimed this time was expended prior to the filing of the motion for summary judgment, during a period in which briefing on that issue had not yet occurred and was not permitted. MANDO also falsely asserted that he spent 6.5 hours addressing the Equal Protection claim in the motion for summary judgment itself, despite entirely failing to brief or argue the claim in that motion. In his appellate brief, MANDO expressly admitted that the Equal Protection claim was not addressed in the original summary judgment filings. This contradiction further evidences a pattern of material misrepresentation intended to mislead the Court and harm JAMIR. [2]

43. This admission confirms that the Defendants did not brief or argue the Equal Protection claim until their reply. Nevertheless, MANDO and ADAMS LAW attempted to manufacture a basis for sanctions by falsely claiming significant litigation resources were expended defending a claim that MANDO previously acknowledged was not addressed. This contradiction further demonstrates a pattern of dishonest litigation tactics designed to mislead the Court and harm JAMIR's professional standing.

---

[2] According to Mando, the existence of the Equal Protection claim is tangential on whether or not he may bill someone else for it. If the Equal Protection claim is in JAMIR's brief, it is presumed to not exist and is not necessary to respond to, but if the time for litigating it may be charged to JAMIR, it requires dozens of hours of legal research.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000008 of 000026

Filed
DOCUMENT
PM
25-CI-01527 07/16/2025   John C. Middleton, Kenton Circuit Clerk
NOT ORIGINAL
07/24/2025 03:34:06
81717-7

44. This tactic deprived JAMIR of the opportunity to respond and misled the Court into believing that JAMIR had acted improperly by pressing a claim that had supposedly been fully litigated.

45. These contradictions show that ADAMS LAW and MANDO's motion for sanctions was based on knowingly false premises.

**D. Misrepresentation of Discovery Record Regarding Racial Animus**

46. MANDO also falsely asserted that "no racial animus was found in discovery."

47. In fact, sworn testimony directly supported JAMIR's position. At deposition, Chief of Police NADER was asked:

Q: "Okay. Do you recall watching any body-worn camera footage of – of a – of a white Covington citizen being placed in a chokehold restraint of any kind?"
A: "I don't recall."

Q: "Okay. Do you recall viewing any body-worn camera footage of a white Covington citizen being punched in the face by a Covington police officer?"
A: "I don't recall."

(Nader Depo., pp. 37–38).

48. Chief NADER was responsible for reviewing all body-worn camera (BWC) footage of use-of-force incidents in Covington. MANDO was fully aware of this responsibility. Therefore, Chief NADER's inability to recall any instances involving similar treatment of white citizens constitutes material circumstantial evidence that such incidents did not occur.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000009 of 000026

Filed 25-CI-01527 07/16/2025 John C. Middleton, Kenton Circuit Clerk

Case: 2:25-cv-00113-DLB-CJS Doc #: 1-1 Filed: 08/08/25 Page: 10 of 26 - Page ID#: 14

DOCUMENT

PM

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

49. This testimony supports JAMIR's argument that Covington officers applied more aggressive tactics disproportionately against African American citizens.

50. Officer ULLRICH also admitted:

Q: "Do you know if Black occupants of vehicles have been identified more than white occupants of vehicles?"

A: "I have nothing that suggests that to be true."

Q: "Do you have anything to suggest it to be false?"

A: "No."

(Ullrich Depo., pg. 38, ln. 1–24)

51. JAMIR also asked:

Q: "Have you ever been accused of racial discrimination?"

A: "Sure. Yes."

(Ullrich Depo., pg. 50, ln. 1–24)

52. MANDO, ADAMS LAW, AND CITY had full access to these depositions. He deliberately omitted this testimony and represented to the Court in his briefing that there was no evidence of racial animus in the record.

53. These misrepresentations formed the basis for the District Court's sanction order, which held that JAMIR's Equal Protection claim was "incendiary, bombastic, and not grounded in reality." (Doc. #84 at 18, 23, 24).

54. ADAMS LAW and MANDO's conduct on behalf of CITY, misled the Court and directly caused reputational and financial harm to JAMIR.

NOT ORIGINAL
DOCUMENT

07/24/2025 03:34:06 PM

81717-7

55. JAMIR has never been disciplined, sanctioned, or had a bar complaint filed against him. ADAMS LAW and MANDO's assertions to the contrary were knowingly false and made to disparage JAMIR's professional reputation.

**E. MANDO made misrepresentations to the judge regarding the Claim that Elsbrend, Ullrich, and Murphy were present**

56. MANDO represented that Jamir should have known that he needed to concede based on the fact that there were multiple body-worn camera footage produced showing that certain officers were not on the scene for the 1-1-23 incident. MANDO made that argument to the court knowing that he only produced body-worn camera footage of the Officer Griswold, Officer Ashley, Officer Krieger and Officer Durairaj, despite JAMIR clearly requesting all body-worn camera footage. From the footage received by JAMIR, there were clearly at least four other officers on the scene. Without access to all of the footage, JAMIR could not be certain which officers were on scene.

**F.. Misrepresentation of Fifth Amendment Claim**

57. MANDO falsely mischaracterized Plaintiff's Fifth Amendment self-incrimination claim. He stated that Plaintiff claimed it was unconstitutional for officers to ask a passenger for identification, and cited established case law permitting such requests.

58. However, MANDO knew from Officer Murphy's deposition—during which he was present—that the actual claim was based on coercion after Plaintiff explicitly refused to identify himself. Plaintiff contended that Officer Murphy coerced him into self-identification under threat of arrest and penalty for a minor traffic infraction that was never pursued. (Murphy Depo. 2024-03-13 pg 46 f ¶¶; 236–299).

Filed          25-CI-01527   07/16/2025          John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM
81717-7

Deposition testimony MANDO admitted that they can refuse:

MR. MANDO: Objection. Characterization. He said he asked for ID.
MR. DAVIS: He --
MR. MANDO: They have the right to refuse.

(Murphy Depo. 2024-03-13 pg 52-53 f ¶¶; 273-277).

Deposition testimony also shows that there was a refusal but then coercion:

Q So at seven minutes, after Anthony Wynn refused, is that when you first identified to him that you're asking his information for a seat belt?
MR. MANDO: Objection. Form. Go ahead, John.
A I'm aware he wasn't wearing a seat belt while I'm asking him. And he said no, and I advised him he was not wearing a seat belt.
Q And that was after he refused to give you information --
A (Interrupting) Correct.
Q -- is that correct?
A Correct.
Q Okay. Typically, if an individual refuses to give identification or information, do you force them to?
A Are they committing a violation?
Q That -- that's not the question. My question is: If -- typically, if an individual refuses to give you their identification or information on who they are, do you force them to?
MR. MANDO: Objection. Go ahead and answer.
A If they have a violation -- if they commit a violation, I need their information because I have to write that on a citation.

(Murphy Depo. 2024-03-13 pg 37 f ¶¶; 181).

59. At no time did JAMIR present a legal argument that officers may not ask for identification, but that the plaintiff may not be coerced or extorted into providing such. Mando omitted

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000012 of 000026

Filed

DOCUMENT

PM

25-CI-01527  07/16/2025          John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

these critical facts and misrepresented the nature of Plaintiff's legal argument to the Court, causing the Court to find the self-incrimination claim frivolous and impose additional sanctions.

60. Mando specifically wrote: "DAVIS SHOULD HAVE KNOWN THE SELF-INCRIMINATION CLAIM HE ASSERTED AGAINST DEFENDANTS ON WYNN'S BEHALF WAS FRIVOLOUS." MANDO, Adams Law, and CITY further misrepresented: "Davis argued that Officer Murphy violated Wynn's right against self-incrimination under the Fifth Amendment based on the fact that Officer Murphy asked Wynn, who was a passenger... to identify himself… Had Davis conducted even basic research… he would have known that claim was frivolous."

61. These statements were knowingly false. The real argument—based on coercion following refusal—was legally distinguishable and supported by deposition testimony that Mando was present for.

62. The false statements by MANDO and CITY confused the Court and directly contributed to the issuance of sanctions.

63. The Court's conclusions and its decision to issue sanctions under 28 U.S.C. § 1927 were materially influenced by MANDO's deliberate mischaracterizations of the record, including omission of testimony from both Chief Nader and Officer Murphy.

64. Defendant MANDO and ADAMS LAW knowingly misrepresented Plaintiff's argument as based on false law. This misrepresentation was made to secure unwarranted sanctions and to harm Plaintiff's reputation.

### G. Public Disparagement and Harassment

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000013 of 000026

Filed                    25-CI-01527   07/16/2025            John C. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

65. Following the sanctions order, the CITY issued public statements referencing the ruling, thereby using MANOD's litigation misconduct to further damage the professional reputation of Plaintiff. (See Exhibit B – City of Covington Public Statements Regarding Sanctions).

> Bunning tossed the case on Aug. 16, 2024. The city then filed a motion for Wynn to pay the city's legal fees for the case. Courts mandating plaintiffs to pay for defendants' legal fees are rare, as the standard for such an ask is higher for defendants. The city also sought sanctions against Davis for frivolous lawsuits.
>
> On April 8 of this year, the court granted part of the city's request for attorney's fees and as well as the sanctions.
>
> "Plaintiff presented no evidence whatsoever to support his claim that Defendants Murphy and Elsbernd discriminated against Plaintiff on the basis of his race or ethnicity," Bunning's order reads. "The entirety of the analysis or explanation given was, seemingly, that Plaintiff is a recognizable African American and Defendants Murphy and Elsbernd are white. Moreover, when put in a position to defend such claims in summary judgment, Mr. Davis, on behalf of his client, explicitly refused to present to this Court any explanation, analysis or evidence."

*LinkNKY article by Nathan Granger published on April 22, 2025*

66. Plaintiff was prejudiced by ADAMS LAW and MANDO's actions, which included knowingly false statements, deliberate omissions of material testimony, and an abuse of litigation processes in an attempt to discredit opposing counsel and secure an unwarranted advantage in the case.

## H.  Assault and Intimidation

67. After the filing of the federal complaint, JAMIR experienced a pattern of harassment by members of the CITY's Police Department. He was pulled over on multiple occasions without legal basis, and his staff was followed without cause.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000014 of 000026

Filed          25-CI-01527   07/16/2025          John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM
81717-7

68. On multiple occasions, individuals affiliated with the CITY's Police Department drove past Plaintiff's law office and made threatening gestures.

69. On August 1, 2024, Kaylah Bozman, an employee for JAMIR, witnessed a man in a City of Covington Police Department vehicle stopping in front of the J. Davis Law Office. The man stared at her for a long period of time before pointing at her in a threatening manner and then speeding off.

**AFFIDAVIT**

I, Kaylah Bozman, have been working for J. Davis Law Firm, PLLC since April 2023. On or about August 1, 2024, at approximately 6:00 PM, I was sitting at the front desk inside the office of J. Davis Law Firm, PLLC, located at 328 Scott Street, Covington, Kentucky 41011. Since the office front is made of glass from ceiling to floor, it is quite common for me to look up and observe the road from time to time throughout my shift.

During this time, a Covington Police Department vehicle caught my attention because it slowed down almost immediately as it reached the front of the office. The office is approximately 100 feet from a traffic light, and most cars slow down when the light is red. However, this instance was quite different, as I noticed the vehicle didn't have any traffic in front of it.

Driving the vehicle was a Caucasian man with brown hair, brown facial hair, and sunglasses. As the vehicle slowed down, he stared directly into the office at me for an uncomfortably long time. I began to feel uneasy while he was looking at me, and he slowly raised his hand and pointed at me while smirking. My anxiety quickly rose because the gesture felt extremely threatening.

After making that intentional gesture, the police officer began to pick up speed and drove off. I became fearful and immediately left my desk to find Jamir Davis. He was in his office, and I frantically tried to tell him what had happened. While I was still shaken, we both walked outside the office to try and catch a glimpse of the vehicle and attempt to identify it. The vehicle was too far down the road to be able to see its identification.

This incident was completely unexpected and left me scared and highly concerned that something similar—or worse—could happen again. To this day, I still don't feel completely safe around the Covington Police Department, especially while at work at J. Davis Law Firm, PLLC.

Kaylah Bozman
August 7, 2024

70. As a result of that, JAMIR was compelled to install surveillance cameras around the premises of his office to protect its staff from further harassment and intimidation.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000015 of 000026

Filed

DOCUMENT

PM

25-CI-01527 07/16/2025          John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000016 of 000026

71. One of the most egregious incidents occurred on or about December 3, 2024, when a white Audi with police federation decals drove past J. Davis Law Firm, PLLC. The driver rolled down his window and made a hand gesture simulating a firearm being aimed and discharged at JAMIR and his staff. This incident was witnessed by Plaintiff's intern. (See Exhibit C – Affidavits of J. Davis Law Firm Staff Regarding Harassment).



Filed    25-CI-01527 07/16/2025    John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL

DOCUMENT

PM

07/24/2025 03:34:06

81717-7

**AFFIDAVIT OF LONDON BURGE**

I, London Burge, on December 3, 2024, at approximately 4:00 PM, I was sitting at the conference table inside the office of J. Davis Law Firm, PLLC, in Covington, Kentucky. While there, I observed a man in a white vehicle stopped outside the office due to a red light. He was staring into the office for an extended period, which I noticed because of the stalled traffic. Mr. Jamir Davis, who was sitting with me, asked, "Do you see that man staring?" and I responded, "Yeah," confirming that I saw him too. As the vehicle began to pull off, the man pointed his fingers in our direction, mimicking a gun and pretending to shoot at Mr. Davis. As he drove away, I took note of the license plate, which appeared different than a typical plate and resembled that of a government or state-issued vehicle. The entire incident left me disturbed and concerned, given the threatening nature of the gesture and the official appearance of the vehicle.

London Burge
04/22/2025

72. These actions were intended to intimidate and harass Plaintiff under color of law. Despite Plaintiff's attempts to report the misconduct and file complaints, the CITY's Police Department refused to process his reports, and the CITY has taken no disciplinary or investigative action.

73. These retaliatory actions by law enforcement personnel, combined with the CITY's refusal to investigate or intervene, have created a hostile and dangerous environment for Plaintiff and his employees, further exacerbating the reputational and emotional harm caused by Defendants' prior misconduct.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000017 of 000026

Filed                25-CI-01527   07/16/2025          John C. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000018 of 000026

74. Plaintiff believes these acts were carried out under color of law, with the intent to intimidate and harass. The CITY has failed to investigate or discipline the officers involved. These actions created a hostile and unsafe environment, and have not been investigated or disciplined by the CITY. (See Exhibit C – Affidavits of J. Davis Law Firm Staff Regarding Harassment).

**I.** **Assault and Intimidation**

76. CITY of Covington then pulled JAMIR over multiple times for violations that did not occur.

77. On May 5th, 2024, JAMIR was pulled over by a CITY of Covington officer for allegedly failing to use his blinker.

78. Upon being pulled over, the officer inquired if JAMIR had any weapons in the car. JAMIR inquired why the officer was asking this question since the stated reason for the stop was for failing to signal.

Case: 2:25-cv-00113-DLB-CJS   Doc #: 1-1   Filed: 08/08/25   Page: 19 of 26 - Page ID#: 23

NOT ORIGINAL DOCUMENT

07/24/2025 03:34:06 PM

81717 7



79. The officer then stated "so you don't want to answer any questions huh?", and then forced

JAMIR to wait for nearly thirty minutes for three other units to arrive and administer a

window tint test.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000019 of 000026

Filed            25-CI-01527   07/16/2025            John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/24/2025 03:34:06
PM



80. JAMIR was then cited for failing to signal despite him using his signal correctly.

81. In fear of the baseless citation being realized in court, the CITY dismissed the citation.

82. In an attempt to hold the CITY responsible and protect fellow citizens from unjustified harassment, the next day JAMIR attempted to file a complaint with the CITY of Covington police department, only to be told that they would not accept his complaint.

**FIRST CAUSE OF ACTION – NEGLIGENCE**

(AGAINST DEFENDANTS JEFF MANDO, ADAMS LAW, AND CITY OF COVINGTON)

83. Plaintiff re-alleges and incorporates by reference paragraphs 1–23 of this Complaint.

84. Defendants MANDO, ADAMS LAW, and the CITY owed the Plaintiff a duty of care, honesty, and professionalism, especially in the context of litigation and public representation.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000020 of 000026

Filed            25-CI-01527 07/16/2025            John C. Middleton, Kenton Circuit Clerk

Filed            25-CI-01527    07/16/2025        John C. Middleton, Kenton Circuit Clerk

NOT ORIGINAL

DOCUMENT

07/24/2025 03:34:06

PM                                                                      81717-7

85. Defendants breached their duties by making false and misleading representations to the

Court, publishing defamatory statements, and failing to prevent and address retaliatory

harassment by CITY employees and law enforcement officers.

86. These breaches directly and proximately caused Plaintiff reputational harm, emotional

distress, economic damages, and interference with his legal practice.

### SECOND CAUSE OF ACTION – DEFAMATION

### (AGAINST ALL DEFENDANTS)

87. Plaintiff re-alleges and incorporates by reference paragraphs 1–27 of this Complaint.

88. Defendant MANDO and ADAMS LAW knowingly made false statements of fact about

Plaintiff's legal actions and conduct in public legal filings and in open court.

89. The CITY of Covington further perpetuated these falsehoods through public statements that

damaged Plaintiff's reputation as a civil rights attorney.

90. These statements were made with malice, were not privileged, and were designed to

damage Plaintiff's professional reputation and credibility.

91. As a direct and proximate result, Plaintiff suffered reputational damage, mental anguish, and

economic harm.

### THIRD CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

### (AGAINST DEFENDANT JEFF MANDO AND ADAMS LAW)

92. Plaintiff re-alleges and incorporates by reference paragraphs 1–32 of this Complaint.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000021 of 000026

93. Defendants ADAMS LAW and MANDO intentionally made false statements to the Court concerning the substance of Plaintiff's claims and the record evidence, with knowledge of their falsity.

94. These misrepresentations were made to mislead the Court and secure improper sanctions against Plaintiff.

95. The Court relied on these statements in issuing sanctions and dismissing Plaintiff's claims.

96. Plaintiff suffered reputational and economic harm as a direct result of these intentional misrepresentations.

### FOURTH CAUSE OF ACTION – INTENTIONAL MISREPRESENTATION

#### (AGAINST DEFENDANTS JEFF MANDO, ADAMS LAW, AND CITY OF COVINGTON)

97. Plaintiff re-alleges and incorporates by reference paragraphs 1–37 of this Complaint.

98. Defendants MANDO and ADAMS LAW knowingly made false and material misrepresentations to the Court concerning Plaintiff's legal arguments, the content of discovery, and the absence of supporting evidence—all of which were contradicted by deposition testimony and record evidence available to him.

99. Defendant CITY, through its agents and officials, further perpetuated these false narratives by publicly endorsing and amplifying the Court's sanction order that was obtained through ADAMS LAW and MANDO's misrepresentations.

100. These misrepresentations were made intentionally, with the intent to deceive the Court, discredit Plaintiff, and secure an unfair litigation advantage.

101. The Court relied upon these falsehoods in issuing its order for sanctions and judgment, causing irreparable harm to JAMIR's professional standing and legal practice.

102. As a direct and proximate result of DEFENDANT's intentional misrepresentations, JAMIR suffered economic damages, reputational injury, emotional distress, and interference with business relationships.

### FIFTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST DEFENDANTS JEFF MANDO, CITY OF COVINGTON, ADAMS LAW,  AND DOES 1-50)

103. Plaintiff re-alleges and incorporates by reference paragraphs 1–37 of this Complaint.

104. The repeated and deliberate acts of Covington police officers simulating gun violence directed at JAMIR constitute extreme and outrageous conduct.

105. These acts were committed under color of law with the intent to intimidate, harass, and emotionally destabilize Plaintiff.

106. Defendants ADAMS LAW and MANDO's false accusations and misrepresentations to the Court likewise constitute extreme and outrageous conduct that compounded the harm and trauma to Plaintiff.

107. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress, humiliation, reputational harm, and disruption of his professional and personal life.

### SIXTH CAUSE OF ACTION – MONELL CLAIM UNDER 42 U.S.C. § 1983

(AGAINST DEFENDANT CITY OF COVINGTON)

108. Plaintiff re-alleges and incorporates by reference paragraphs 1–42 of this Complaint.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000023 of 000026

109. The CITY of Covington maintains a custom, policy, or practice of tolerating misconduct by its police officers, including harassment and intimidation of citizens and attorneys pursuing civil rights claims.

110. The CITY's repeated failure to investigate or discipline officers engaged in misconduct has created a culture of impunity.

111. This deliberate indifference to constitutional violations is evidenced by the CITY's inaction despite Plaintiff's multiple reports of harassment and retaliation.

112. As a direct and proximate result of this policy or custom, Plaintiff suffered constitutional violations, emotional distress, and professional injury.

113. Defendant CITY of Covington is liable under Monell for the harm caused by its failure to properly train, supervise, and discipline officers acting under color of law.

## DAMAGES

As a direct and proximate result of Defendants' actions, Plaintiff has suffered the following damages:

- Emotional distress;
- Damage to professional reputation;
- Attorneys' fees and costs incurred in defending against false accusations;
- Economic harm due to disruption of business;
- Other compensatory and punitive damages as may be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

Filed          25-CI-01527 07/16/2025          John C. Middleton, Kenton Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

07/24/2025 03:34:06

81717-7

- Enter judgment in favor of Plaintiff and against Defendants;

- Award compensatory damages in an amount to be determined at trial;

- Award punitive damages where appropriate;

- Award attorneys' fees and costs incurred in this action;

- Grant any other relief the Court deems just and proper.

Respectfully Submitted,

**/s/** Jamir Davis
Jamir Davis, Esq.
328 Scott Street
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000025 of 000026

Filed                    25-CI-01527   07/16/2025          John C. Middleton, Kenton Circuit Clerk

DOCUMENT                                                      NOT ORIGINAL

                                                             07/24/2025 03:34:06
PM

                                                             81717-7

### Certificate of Service

I, Jamir Davis, am a citizen of the United States. I am over the age of 18 years old and caused the document(s) to be filed electronically via ECF to the following parties. I did not receive a notification that the electronic transmission was unsuccessful.

Executed on July 16, 2025.

**/s/** Jamir Davis
Jamir Davis, Esq.

Presiding Judge: HON. KATHY LAPE (616337)

COM : 000026 of 000026