UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:25-cv-00113-DLB
**Filed Electronically**

| | | |
|---|---|---|
| JAMIR DAVIS, | : | |
| | : | Case No. 2:25-CV-00113-DLB |
| Plaintiff, | : | |
| | : | Judge David L. Bunning |
| vs. | : | |
| | : | |
| JEFF MANDO, et al., | : | |
| | : | |
| Defendants. | : | |

---

## ANSWER OF DEFENDANTS JEFFREY C. MANDO AND ADAMS LAW, PLLC TO PLAINTIFF'S COMPLAINT

Come now Defendants, Jeffrey C. Mando (named as "Jeff Mando" in the Complaint) and Adams Law, PPC ("Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, hereby state as follows:

1. Defendants deny the averments in Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 3 of the Complaint.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 4 of the Complaint.

5. Defendants deny the averments in Paragraph 5 of the Complaint.

6. Defendants deny the averments in Paragraph 6 of the Complaint.

7.  In response to Paragraph 7, Defendants admit that they represent the City of Covington Police Department, but deny the remaining averments in Paragraph 7 of the Complaint.

8.  Defendants deny the averments in Paragraph 8 of the Complaint.

9.  Defendants deny the averments in Paragraph 9 of the Complaint.

10. Defendants deny the averments in Paragraph 10 of the Complaint.

11. In response to Paragraph 11, Defendants deny that they committed any actionable "acts and omissions" but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants admit that venue is proper under KRS 452.410 because Defendants practice law within this jurisdiction, but deny the remaining averments in Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendant, Jeffrey C. Mando, admits that he is a licensed attorney practicing in Covington, Kentucky, and that he represents the City of Covington in certain legal matters, but denies that he is the managing attorney of Adams Law

15. Defendants admit the averments in Paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 17 of the Complaint.

18. Defendants deny the averments in Paragraph 18 of the Complaint.

19. In response to Paragraph 19, Defendants deny that Defendant Jeffrey C. Mando made any misrepresentations in the lawsuit in question but admit the remaining averments of Paragraph 19 of the Complaint.

20. Defendants deny the averments in Paragraph 20 of the Complaint.

21. Defendants deny the averments in Paragraph 21 of the Complaint.

22. In response to Paragraph 22, Defendnats admit that Plaintiff was sanctioned by the court in the litigation in question for his actions, but deny the remaining averments of Paragraph 22 of the Complaint.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity that the Defendant City of Covington publicly referenced the sanctions order using it to harm Plaintiff's professional standing, but deny the remaining averments of Paragraph 24 of the Complaint.

A. Defendants deny the averments in Paragraph A on page 4 of the Complaint.

25. Defendants admit the averments in Paragraph 25 of the Complaint.

26. Defendants admit the averments in Paragraph 26 of the Complaint.

27. Defendants deny the averments in Paragraph 27 of the Complaint.

28. Defendants deny the averments in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 29 of the Complaint. The emails in said Paragraph speak for themselves.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 31 of the Complaint.

32. Defendants deny the averments in Paragraph 32 of the Complaint.

33. Defendants deny the averments in Paragraph 33 of the Complaint.

B. Defendants deny the averments in Paragraph B on page 6 of the Complaint.

34. Defendants deny the averments in Paragraph 34 of the Complaint.

35. In response to Paragraph 35, Defendants' motion for sanctions speaks for itself and this Paragraph requires no further response from Defendants.

36. In response to Paragraph 36, Defendants' motion for summary judgment speaks for itself and this Paragraph requires no further response from Defendants.

37. In response to Paragraph 36, Defendants' appellee brief speaks for itself and this Paragraph requires no further response from Defendants.

38. Defendants admit the averments in Paragraph 38 of the Complaint.

39. In response to Paragraph 39, Defendants' motion for summary judgment speaks for itself and this Paragraph requires no further response from Defendants.

40. Defendants deny the averments in Paragraph 40 of the Complaint.

41. Defendants deny the averments in Paragraph 41 of the Complaint.

42. Defendants deny the averments in Paragraph 42 of the Complaint.

43. Defendants deny the averments in Paragraph 43 of the Complaint.

44. Defendants deny the averments in Paragraph 44 of the Complaint.

45. Defendants deny the averments in Paragraph 45 of the Complaint.

D. Defendants deny the averments in Paragraph D of the Complaint.

46. Defendants deny the averments in Paragraph 46 of the Complaint.

47. In response to Paragraph 47, Defendants admit that Chief Nader gave the testimony in question but deny the remaining averments of Paragraph 47 of the Complaint.

48. In response to Paragraph 48, Defendants admit that the Chief of Police reviews all use of force incidents in Covington and that Defendant Jeffrey C. Mando was aware of that fact, but deny the remaining averments of Paragraph 48 of the Complaint.

49. Defendants deny the averments in Paragraph 49 of the Complaint.

50. Defendants admit the averments in Paragraph 50 of the Complaint.

51. Defendants admit the averments in Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendants admit that they had access to the depositions in question but deny the remaining averments in Paragraph 52 of the Complaint.

53. In response to Paragraph 53, Defendants admit that the United States District Court found Plaintiff's claim was improper but deny that Defendants made any misrepresentations regarding same.

54. Defendants deny the averments in Paragraph 54 of the Complaint.

55. In response to Paragraph 55 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity that Plaintiff has never been disciplined, sanctioned, or had a bar complaint filed against him, but deny the remaining averments in Paragraph 55 of the Complaint.

E. Defendants deny the averments in Paragraph E on page 11 of the Complaint.

56. Defendants deny the averments in Paragraph 56 of the Complaint.

F. Defendants deny the averments in Paragraph F of the Complaint.

57. Defendants deny the averments in Paragraph 57 of the Complaint.

58. In response to Paragraph 58, Defendants admit that Defendant Mando was present for Officer Murphy's deposition, and state that the deposition testimony speaks for itself, but deny the remaining averments of Paragraph 58 of the Complaint.

59. In response to Paragraph 59, Defendants deny that Defendant Jeffrey C. Mando made any omissions or misrepresentations to the United States District Court, admit that the Court found the self-incrimination claim frivolous and imposed additional sanctions for it, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in Paragraph 59 of the Complaint.

60. In response to Paragraph 60, any filings made by Defendants speak for themselves, but Defendants deny any and all allegations of misrepresentation.

61. Defendants deny the averments in Paragraph 61 of the Complaint.

62. Defendants deny the averments in Paragraph 62 of the Complaint.

63. Defendants deny the averments in Paragraph 63 of the Complaint.

64. Defendants deny the averments in Paragraph 64 of the Complaint.

65. In response to Paragraph 65 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity that following the sanctions order, the City issued public statements referencing the ruling, but deny the remainder of the averments in Paragraph 65.

66. Defendants deny the averments in Paragraph 66 of the Complaint.

H. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph H on page 14 of the Complaint.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 67 of the Complaint.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 68 of the Complaint.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 69 of the Complaint.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 70 of the Complaint.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 71 of the Complaint.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 72 of the Complaint.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 73 of the Complaint.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 74 of the Complaint.

I. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph I on page 18 of the Complaint.

75. The Complaint has no Paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 76 of the Complaint.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 77 of the Complaint.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 78 of the Complaint.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 79 of the Complaint.

80. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 80 of the Complaint.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 81 of the Complaint.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 82 as if fully set forth herein.

84. Paragraph 84 of the Complaint is a statement of law that does not require a response. To the extent a response is required, Defendants state that Kentucky law speaks for itself, and deny any actionable conduct toward Plaintiff.

85. Defendants deny the averments in Paragraph 85 of the Complaint.

86. Defendants deny the averments in Paragraph 86 of the Complaint.

87. In response to Paragraph 88 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 86 as if fully set forth herein.

88. Defendants deny the averments in Paragraph 88 of the Complaint.

89. Defendants deny the averments in Paragraph 89 of the Complaint.

90. Defendants deny the averments in Paragraph 90 of the Complaint.

91. Defendants deny the averments in Paragraph 91 of the Complaint.

92. In response to Paragraph 92 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 91 as if fully set forth herein.

93. Defendants deny the averments in Paragraph 93 of the Complaint.

94. Defendants deny the averments in Paragraph 94 of the Complaint.

95. Defendants deny the averments in Paragraph 95 of the Complaint.

96. Defendants deny the averments in Paragraph 96 of the Complaint.

97. In response to Paragraph 97 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 96 as if fully set forth herein.

98. Defendants deny the averments in Paragraph 98 of the Complaint.

99. Defendants deny the averments in Paragraph 99 of the Complaint.

100. Defendants deny the averments in Paragraph 100 of the Complaint.

101. Defendants deny the averments in Paragraph 101 of the Complaint.

102. Defendants deny the averments in Paragraph 102 of the Complaint.

103. In response to Paragraph 103 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 102 as if fully set forth herein.

104. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 104 of the Complaint.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 105 of the Complaint.

106. Defendants deny the averments in Paragraph 106 of the Complaint.

107. Defendants deny the averments in Paragraph 107 of the Complaint.

108. In response to Paragraph 108 of the Complaint, Defendants reiterate and reaffirm their responses to Paragraphs 1 through 107 as if fully set forth herein.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 109 of the Complaint.

110. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 110 of the Complaint.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 111 of the Complaint.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 112 of the Complaint.

113. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 113 of the Complaint.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the any averments not specifically addressed above.

## FIRST DEFENSE

115. Plaintiff's Complaint fails to state a claim upon which relief can properly be granted.

## SECOND DEFENSE

116. The statements of Defendants that Plaintiff complains of are absolutely privileged under the Kentucky judicial statements privilege, also known as the judicial privilege or the litigation privilege.

## THIRD DEFENSE

117. Plaintiff has failed to join indispensable parties needed under Rule 19 or 19.1 of the Kentucky Rules of Civil Procedure.

## FOURTH DEFENSE

118. Plaintiff's claims are barred by the applicable Statute of Limitations.

## FIFTH DEFENSE

119. To the extent that evidence adduced in discovery or at trial indicates that Plaintiff was negligent in a manner that was a substantial factor in causing the injuries and damages of which the Plaintiff complains, if there were any, which is specifically denied, and but for said contributory or comparative negligence on the part of the Plaintiff, said injuries and damages, if any, would not and could not have occurred, such contributory negligence and comparative fault shall reduce the amount of the award, if any, either totally or in the proportion that such contributory negligence or comparative fault bears to all other negligence that caused the alleged injuries and damages.

## SIXTH DEFENSE

120. Plaintiff's damages, if there were any, which is specifically denied, were caused by an unforeseeable, superseding, and/or intervening cause or causes and/or the acts of third parties, for which causes and for whose acts Defendants are not liable, and for which Defendants seek apportionment of fault, if any, which is denied.

## SEVENTH DEFENSE

121. Plaintiff's claims of defamation and misrepresentation are barred by the truth of the statements in question.

## EIGHTH DEFENSE

122. Plaintiff's claims of defamation impermissibly seek to hold Defendants liable for statements of opinion.

## NINTH DEFENSE

123. Plaintiff's claims are barred by res judicata, claim preclusion, collateral estoppel, and issue preclusion.

## TENTH DEFENSE

124. Plaintiff's claims constitute an impermissible collateral attack on a federal court order and judgment.

## ELEVENTH DEFENSE

125. Plaintiff's claims are barred by the Kentucky Uniform Public Expression Protection Act ("KUPEPA"), KRS 454.460, *et seq.* (Kentucky's Anti-SLAPP law).

## TWELFTH DEFENSE

126. Plaintiff has waived and/or is estopped from asserting some or all of the claims set forth in the Complaint.

## THIRTEENTH DEFENSE

127. Plaintiff's request for punitive damages does not meet the standards and conditions for imposition of punitive damages under Kentucky law and would deprive Defendants of rights under the Constitution of the United States, especially the First, Fifth, Eighth and Fourteenth Amendments thereto, and would also deny rights of Defendants under the Constitution of Kentucky.

## FOURTEENTH DEFENSE

128. Defendants affirmatively plead and rely upon all defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure that are or may hereafter become applicable to this action and expressly reserves any and all other defenses, including affirmative defenses, which may become apparent during the course of discovery.

WHEREFORE, having answered, Defendants, Jeffrey C. Mando and Adams Law, PLLC, demand that Plaintiff's Complaint be dismissed with prejudice; trial by jury; apportionment of fault among all parties hereto; their costs and expenses incurred in defending this matter, including reasonable attorney's fees; and any and all other relief to which they may appear properly entitled.

        Respectfully submitted,

/s/ David V. Kramer
David V. Kramer (KBA #39609)
Mark D. Guilfoyle (KBA #27625)
Michael J. Enzweiler (KBA #96989)
Dressman Benzinger LaVelle psc
109 East Fourth Street
Covington, KY  41011
859-341-1881 – Phone
859-788-2011 – Fax
dkramer@dbllaw.com
mguilfoyle@dbllaw.com
menzweiler@dbllaw.com
*Counsel for Defendants, Jeff Mando and Adams Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically, which will effectuate service upon the following through the Court's electronic filing system. A copy of the foregoing was also sent via electronic mail to the following this 12th day of August, 2025:

Jamir Davis, Esq.
328 Scott Street
Covington, KY  41011
jdavis@daviscounsel.com

        /s/ David V. Kramer
        David V. Kramer