UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:25-cv-00113-DLB
*Filed Electronically*

JAMIR DAVIS                                                                                PLAINTIFF

vs.

JEFF MANDO, ADAMS LAW PLLC and
CITY OF COVINGTON, and DOES 1-40
Individually and in their official capacity                              DEFENDANTS

### MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF COVINGTON'S MOTION TO DISMISS

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Defendant City of Covington, by counsel, and for its motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and (c) states:

**I.  FACTS**

This case arises from events during and following <u>Wynn v. City of Covington,</u> Case No. 2:21-cv-00137, in the United States District Court for the Eastern District of Kentucky. On August 16, 2024, the Court issued a Memorandum Opinion and Order in <u>Wynn</u>, granting summary judgment in favor of the defendants. On April 8, 2025, the Court imposed sanctions pursuant to 28 U.S.C. § 1927 against the Plaintiff herein, Jamir Davis, who served as counsel for Mr. Wynn. The order granting summary judgment was appealed and affirmed by the Sixth Circuit Court of Appeals. <u>Wynn v. City of Covington, Kentucky,</u> No. 24-5840, 2025 WL 2093032, at \*1 (6th Cir. July 25, 2025)

On July 16, 2025, Plaintiff Jamir Davis commenced this civil action, styled <u>Jamir Davis v. Jeff Mando, Adams Law PLLC, and City of Covington, and Does 1-40 Individually and in their</u>

1

<u>official capacity,</u> Civil Action No. 25-CI-1527, in Kenton Circuit Court, Commonwealth of Kentucky. The causes of action against Defendant City of Covington are negligence, defamation, intentional misrepresentation, intentional infliction of emotional distress, and a *Monell* claim under 42 U.S.C. § 1983. Each claim is fatally flawed on its face.

The stated factual basis for the Plaintiff's claims against the City of Covington are as follows. First, the Plaintiff states that following the Eastern District's rulings in <u>Wynn</u>, non-party Link NKY wrote an article on the case reporting on the Court's order granting summary judgment and imposing sanctions. The section of the article referenced in the Plaintiff's Complaint contains no statements made by or attributed to the City; rather, it contains the accurate commentary of its independent author (non-party LinkNKY author Nathan Granger) regarding the <u>Wynn</u> result, the standard for sanctions, and a direct quote from the Court's Order.[1]

The Complaint further alleges that on August 1, 2024, an employee of Plaintiff "witnessed a man in a City of Covington Police Department vehicle stopping in front of the J. Davis Law Office. The man stared at her for a long period of time before pointing at her in a threatening manner and then speeding off." The Complaint then claims that "on or about December 3, 2024, … a white Audi with police federation decals drove past J. Davis Law Firm, PLLC. The driver rolled down his window and made a hand gesture simulating a firearm being aimed and discharged at [Plaintiff] and his staff." Finally, the Complaint claims – without supporting details or facts – that "[t]he City of Covington maintains a custom, policy, or practice of tolerating misconduct by its police officers, including harassment and intimidation of citizens and attorneys pursuing civil rights claims."

---

[1] Plaintiff's Complaint references "Exhibit B" but no exhibits are attached to the Complaint. Rather, all "exhibits" are followed with screen shots of outside information/documentation.

2

The above stated facts and allegations are deficient on their face and/or are composed entirely of labels, conclusions, and formulaic recitations devoid of the factual matter requisite to state viable claims under the applicable law.

II. **STANDARD**

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Though the Court must accept allegations in the Complaint as true, the Complaint must still contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id. A district court "need not accept a 'bare assertion of legal conclusions.'" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6 Cir. 2009) (quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

III. **ARGUMENT**

The Plaintiff's Complaint mixes causes of action and factual allegations in both the factual recitation and under the enumerated causes of action. Whether analyzed factually or by tort, the Plaintiff fails to state a claim upon which relief can be granted.

A. **Factual Allegations**

1. False Representations (Section B), Misrepresentation (Section D and F)

In Sections B, D, and F of the Complaint, the Plaintiff claims that statements made by the City's counsel during briefing and arguments in the underlying Wynn case were incorrect and

3

resulted in the Court sanctioning the Plaintiff. These allegations/claims fail to state legal claims for numerous reasons.

First, a claim for misrepresentation[2] requires that the Defendant be the declarant. Here the City of Covington is not alleged to be the declarant in the Wynn proceedings. Further, a claim for misrepresentation is only actionable when the statement causes injury due to the claimant's reliance on the misrepresentation. First Tech. Cap., Inc. v. JPMorgan Chase Bank, N.A., 53 F. Supp. 3d 972 (E.D. Ky. 2014); Lexington Surgical Specialists, P.S.C. v. Turner, No. 5:21-CV-00007-MAS, 2023 WL 7228977 (E.D. Ky. Nov. 2, 2023), reconsideration denied, No. 5:21-CV-00007-MAS, 2024 WL 54592 (E.D. Ky. Jan. 4, 2024).

Second, the Plaintiff's claims for misrepresentation are barred by the doctrine of collateral estoppel or issue preclusion. Collateral estoppel/issue preclusion "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Preferred Auto. Sales, Inc. v. DCFS USA, LLC, 625 F. Supp. 2d 459, 464 (E.D. Ky. 2009), citing Cockrel v. Shelby County Sch. Dist., 270 F.3d 1036, 1046 (6th Cir.2001) and Barnes v. McDowell, 848 F.2d 725, 728 n. 5 (6th Cir.1988). The elements triggering collateral estoppel/issue preclusion include identity of the issues, a final decision or judgment on the merits, a necessary issue with the estopped party given a full and fair opportunity to litigate, and a prior losing litigant. Preferred Auto. Sales, 625 F. Supp. 2d at 464, citing Moore v. Commonwealth, 954 S.W.2d 317, 319 (Ky.1997). Here each of these elements is met. In short, the Plaintiff himself had a full and fair opportunity in the underlying Wynn litigation to alert this same U.S. District Court to the claimed misstatements of the City of Covington's counsel. Plaintiff either did not raise those issues, or

---

[2] Either fraudulent or negligent misrepresentation.

Plaintiff's arguments have been heard and rejected. Either way, collateral estoppel/issue preclusion bars the Plaintiff's claims.

Lastly, any statements made by the City or its counsel in the underlying Wynn case are subject to absolute immunity under the judicial statements privilege. The judicial statements privilege affords an absolute privilege to statements made "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of a judicial proceeding" that have "some relation to a proceeding that is contemplated in good faith and under serious consideration." Rogers v. Luttrell, 144 S.W.3d 841, 843–44 (Ky.App.2004) (quoting General Electric Co. v. Sargent & Lundy, 916 F.2d 1119, 1127 (6th Cir.1990)); Parton v. Parton, No. 6:22-CV-00018-GFVT, 2023 WL 2146374, at *5 (E.D. Ky. Feb. 21, 2023). It applies with equal force to statements in pleadings filed in judicial proceedings. Massengale v. Lester, 403 S.W.2d 701–02 (Ky.1966). The prevailing rule regarding the judicial statements privilege in Kentucky is that communications made pursuant to judicial proceedings are absolutely privileged **even if otherwise defamatory**. New Albany Main Street Properties, LLC v. Stratton, 677 S.W.3d 345, 348 (Ky. 2023); Maggard v. Kinney, 576 S.W.3d 559, 567 (Ky. 2019); Schmitt v. Mann, 291 Ky. 80, 163 S.W.2d 281, 283 (1942).  The judicial statements privilege, described in Schmitt v. Mann, as the "prevailing rule" in Kentucky and this country, provides that statements "in judicial proceedings are absolutely privileged when material, pertinent, and relevant to the subject under inquiry, though it is claimed that they are false and alleged with malice." Maggard v. Kinney, 576 S.W.3d at 567. Accordingly, any statements made by any party in the underlying Wynn case are absolutely privileged and cannot form the basis of a tort claim against the City (or any Defendant).

5

2. <u>Claimed "Public Disparagement and Harassment" (Section G)</u>

The Plaintiff's claim in Section G states that "the City issued public statements referencing the ruling [in <u>Wynn</u>] thereby using Mando's litigation misconduct to further damage the professional representation of the Plaintiff." (Plaintiff's Complaint, ¶ 65). However, the text and statement that follow contain no statements attributed to the City and is authored by Nathan Granger, a writer for non-party Link NKY (a private company with no legal connection to the City of Covington). The elements of a claim for defamation are: (1) **the defendants** made defamatory remarks (2) concerning the plaintiff (3) which were published and (4) caused injury to her reputation. <u>Pennington v. Dollar Tree Stores, Inc.</u>, 104 F. Supp. 2d 710, 714 (E.D. Ky. 2000), <u>aff'd</u>, 28 F. App'x 482 (6th Cir. 2002), citing <u>Columbia Sussex Corp., Inc. v. Hay</u>, 627 S.W.2d 270, 273 (Ky.Ct.App.1981). Here, the claimed declarant is **NOT** the Defendant City of Covington, but a person and entity not party to this litigation.

Moreover, the language cited in the Plaintiff's complaint in Section G, paragraph 65, is unquestionably true. Truth is an absolute defense to a claim of defamation. <u>Hodges v. Ford Motor Co.</u>, 272 F. App'x 451, 454 (6th Cir. 2008); <u>Toler v. Süd-Chemie, Inc.</u>, 458 S.W.3d 276, 283 (Ky. 2014). The cited language in paragraph 65 contains a correct recitation of events in the underlying case and the applicable legal standard. The article then contains an accurate block quotation from the <u>Wynn</u> opinion. <u>See</u> <u>Wynn v. City of Covington</u>, No. CV 21-137-DLB-CJS, 2025 WL 1047711, at *11 (E.D. Ky. Apr. 8, 2025). Accordingly, any cause of action against the City arising from the factual allegations contained in Section G, paragraph 65, of the Plaintiff's Complaint is insufficient on its face and thereby barred as a matter of law. These claims lack all merit, plausibility, and must be dismissed as a matter of law.

3. Assault and Intimidation (Section H)

Section H of the Plaintiff's Complaint contains allegations of two independent incidents. The first incident is alleged to have occurred on August 1, 2024. There, the Plaintiff's employee Kaylah Bozman (not the Plaintiff) "witnessed a man in a City of Covington Police Department vehicle stopping in front of the J. Davis Law Office. The man stared at her for a long period of time before pointing at her in a threatening manner and then speeding off." The Plaintiff is not alleged to have been present nor to have otherwise witnessed this incident. The Complaint then claims that "on or about December 3, 2024, … a white Audi with police federation decals drove past J. Davis Law Firm, PLLC. The driver rolled down his window and made a hand gesture simulating a firearm being aimed and discharged at [Plaintiff] and his staff."

"Intimidation" is not a tort under Kentucky law. Under Kentucky law, one is liable for assault if "he acts intending to cause a harmful or offensive contact ... or an imminent apprehension of such a contact, and the other is put in such imminent apprehension." *Restatement (Second) of Torts* § 21. Humphress v. United Parcel Serv., Inc., 31 F. Supp. 2d 1004, 1014 (W.D. Ky. 1997), aff'd, 172 F.3d 48 (6th Cir. 1998); Toikka v. Jones, No. CIV.A. 12-204-DLB, 2013 WL 978926, at *2 (E.D. Ky. Mar. 12, 2013) citing Brown v. Crawford, 296 Ky. 249, 177 S.W.2d 1, 2–3 (Ky.1944). The August 1, 2024, incident fails on its face because the Plaintiff was not present during the alleged conduct, and therefore could not have had any imminent apprehension of harmful or offensive contact. Regarding the incident alleged to occur on December 3, 2024, the Complaint fails to identify any connection between a white Audi and conduct of the City of Covington, instead resting on a wholly unsupported conclusion that the car had "police federation decals" or had a license plate that "resembled that of a government or state-issued vehicle." This assertion, even if taken as true, fails to indicate any connection between the car and conduct by the Defendant City

7

of Covington. Accordingly, neither factual allegation in Section H of the Plaintiff's Complaint states a claim upon which relief can be granted.

4. Assault and Intimidation (Section I)

Section I of the Plaintiff's Complaint (paragraphs 76 to 82) concerns an alleged May 5, 2024, interaction with the City of Covington Police. As stated above, "intimidation" is not a tort under Kentucky law. While assault is a tort, the Plaintiff's allegations in Section I do not state facts that match conduct "intending to cause a harmful or offensive contact ... or an imminent apprehension of such a contact." Therefore, the claim fails on its face. More importantly, however, the statute of limitations for a claim of assault is one year. KRS § 413.140(1)(a); Jones v. Louisville/Jefferson Cnty. Metro Gov't, 482 F. Supp. 3d 584, 591 (W.D. Ky. 2020); Avery v. G & S Vending, Inc., No. CIV.A. 6:04-494-DCR, 2005 WL 2290193, at *5 (E.D. Ky. Sept. 19, 2005). Therefore, even if the Plaintiff stated a factual claim for assault related to the May 5, 2024, incident, his claim would be time barred as his Complaint in this action was not filed until July 16, 2025.

**B. Causes of Action**

1. Negligence (First Cause of Action)

Plaintiff's negligence claim must be dismissed because the allegations set forth in the Complaint sound in intentional tort, and fail to adequately assert a claim sounding in negligence. See Durmov v. University of Kentucky, 2013WL488976, *2 (E.D.Ky. 2013) (unpublished slip opinion) (dismissing negligence claims pled in conjunction with intentional tort theories arising from an arrest). See also Greene v. Commonwealth, 349 S.W.3d 892, 905 (Ky. 2011) (holding claimant could not pursue a claim for negligence before the Board of Claims premised upon facts sounding in intentional conversion); Childers v. Geile, 367 F.3d 576 (Ky. 2012) (holding plaintiff cannot pursue claim for negligence and IIED under same set of facts).

8

Further, the factual underpinning for the negligence claim is stated as: "Defendants breached their duties by making false and misleading representations to the Court, publishing defamatory statements, and failing to prevent and address retaliatory harassment by [Defendant's] employees and law enforcement officers." Those "facts" are not claims of negligence, but claims of misrepresentation, defamation, and a Monell claim. As stated above, any misrepresentation claim fails as a matter of law (the statements were not made by the City and the Plaintiff has not plead his own reliance), the defamation claim fails as a matter of law (alleged statements were not made by the Defendant, and are true), and as outlined below the Monell claim is also deficient as a matter of law (the Complaint states only a formulaic recitation without sufficient causal connection from policy or custom to a specific harm done to the Plaintiff).

In short, the Plaintiff cannot attempt to mislabel other torts "negligence" to state a viable cause of action. To survive a motion to dismiss, a complaint must contain factual allegations necessary to sustain recovery under some viable legal theory. Here, there are no facts to support a plausible claim under a negligence theory, as Plaintiff offers no factual basis for Defendant's alleged breach of duty. The Plaintiff fails to sufficiently allege that any tort was committed against him, let alone some connection between the allegedly tortious conduct and the Defendant City of Covington. As is discussed above and further addressed herein, the Plaintiff's failure to identify some relationship between the Defendant City of Covington and the alleged tortious conduct on which Plaintiff attempts to base his claims make irrefutable that the City is entitled to dismissal. See Pathways, Inc. v. Hammons, 113 S.W.3d 85, 88 (Ky. 2003) (outlining the elements of a negligence claim).

9

    2.   <u>Defamation and Intentional Misrepresentation (Second and Fourth Causes of Action)</u>

As outlined and argued above, fundamental to prima facie claims for both defamation and intentional misrepresentation is the existence of some statement or representation by defendant. <u>Pennington</u>, 104 F. Supp. 2d at 714; <u>Toler</u>, 458 S.W.3d at 283; <u>First Tech. Cap., Inc.</u>, 53 F. Supp. 3d 972; <u>Turner</u>, 2023 WL 7228977. Plaintiff's Complaint expressly fails to identify any statement or representation by Defendant City of Covington – which is fatal to his claims

Plaintiff's failure to state valid claims for defamation or for intentional misrepresentation is outward and obvious such that dismissal of these claims against the City of Covington requires no further analysis.  It is further notable that the lack of falsity as to the statements which Plaintiff does reference in his Complaint would preclude Plaintiff's ability to formulate viable defamation or intentional misrepresentation claims even if brought against the nonparty author responsible for the publication.

    3.   <u>Intentional Infliction of Emotional Distress (Fifth Cause of Action)</u>

The Plaintiff attempts to base his IIED claim on the same two incidents outlined in Section H ("intimidation and assault"), allegedly occurring on August 1, 2024 and December 3, 2024.

A valid IIED claim requires each of four elements: (1) intentional or reckless conduct by the defendant; (2) the conduct's nature is outrageous and intolerable such that it offends generally accepted standards of decency and morality; (3) a causal connection exists between the conduct and the emotional distress; and (4) severe emotional distress results. <u>Gilbert v. Barkes</u>, 987 S.W.2d 772, 777 (Ky. 1999) (citing <u>Kroger Co. v. Willgruber, Ky.</u>, 920 S.W.2d 61, 67 (Ky. 1996); <u>Craft v. Rice</u>, 671 S.W.2d 247, 249 (Ky. 1984)). See also <u>K.K. by & through J.K. v. Clark Cnty. Bd. of Educ.</u>, 439 F. Supp. 3d 905 (E.D. Ky. 2020).

As indicated above (and clear from a reading of the Plaintiff's Complaint), neither incident involving both Plaintiff and Defendant. The August 1, 2024, incident did not involve the Plaintiff – who was not present or witness to the alleged conduct. The December 3, 2024, incident did not involve an agent of the Defendant, but only a "white Audi with police federation decals" or a license plate that appeared to maybe be government issued. Accordingly, dismissal of the IIED claim is required.

Further, while the Cause of Action in Plaintiff's Complaint states that "[t]he repeated and deliberate acts of Covington police officers simulating gun violence directed at [Plaintiff] constitute extreme and outrageous conduct," the more detailed facts in Section H of the Complaint reveal that the action alleged was pointing actions or, at worst, a finger gun motion. Such pointing and finger guns from a moving car in the street is simply insufficient to constitute outrageous and intolerable conduct such as to offend generally accepted standards of decency and morality.

Further, when a plaintiff asserts a cause of action for negligence or other intentional torts and seeks emotional distress damages based on a single set of facts, his *additional* case of action for intentional infliction of emotional distress (IIED) must be dismissed as a matter of law. IIED is intended to be a "gap-filler" tort, providing redress for alleged emotional distress damages "where traditional common law actions *do not*." Banks v. Fritsch, 39 S.W.3d 474, 481 (Ky. App. 2001) (emphasis added); see also Farmer v. Dollar General Corp., 2012 WL 4364108, at *7 (W.D. Ky. Sept. 24, 2012) (applying Kentucky law). The tort of IIED is "intended to supplement the existing forms of recovery, [i.e., negligence actions], not swallow them up." Rigazio v. Archdiocese of Louisville, 853 S.W.2d 295, 299 (Ky. App. 1993); "[R]ecovery for emotional distress [damages], when it can be claimed under a traditional tort, can only be had under that tort. Childers, 367 S.W.3d at 582. IIED "is not intended to supplant or duplicate existing statutory or

11

common-law remedies." Wesley v. Rigney, 913 F. Supp.2d 313, 331 (E.D. Ky. 2012) (*rev'd on other grounds*) (citing Childers).

Here, the Plaintiff is asserting a claim for IIED for the same conduct he is alleging negligence, assault, defamation, and/or misrepresentation (albeit those claims are barred on their face for other reasons outlined above). Under applicable law, the Plaintiff cannot also maintain an IIED claim based upon those same facts.

For the reasons stated above, dismissal of Plaintiff's IIED claim pursuant to Rule 12(b)(6) is proper due to the lack of any factual matter supporting the legal conclusions proffered by the Complaint.

    4.   Monell Claim Under 42 U.S.C. § 1983 (Sixth Cause of Action)

In the § 1983 context, a plaintiff's "complaint must contain more than mere labels, conclusions, and the elements of his cause of action" but actually "identify and describe the official policy or custom that resulted in a constitutional violation." French v. Hester, 585 F. Supp. 3d 974, 986 (E.D. Ky. 2022), citing Horn v. City of Covington, No. 14-73-DLB-CJS, 2015 WL 4042154 at *4, 2015 U.S. Dist. LEXIS 85323 at *11 (E.D. Ky. July 1, 2015). The Eastern District of Kentucky has "repeatedly granted motions to dismiss § 1983 claims when the plaintiff does not provide factual support or merely recites the legal requirements for *Monell* liability." French, 585 F. Supp. 3d at 986, citing Hutchison v. Metro. Gov't of Nashville & Davidson Cnty., 685 F.Supp.2d 747, 750 (M.D. Tenn. 2010); Kustes v. Lexington-Fayette Urban Cty. Gov't, No. 5:12-323, 2013 WL 4776343 at *1–2, 2013 U.S. Dist. LEXIS 125763 at *4 (E.D. Ky. Sep. 3, 2013); Vidal v. Lexington Fayette Urban Cty. Gov't, Civil Action No. 5: 13-117-DCR, 2014 WL 4418113, at *3, 2014 U.S. Dist. LEXIS 124718, at *7 (E.D. Ky. Sep. 8, 2014)(citations omitted). To state a § 1983 claim for municipal liability under *Monell*, the pleadings must "connect [the offending] employee's

conduct to a municipal policy or custom," Gambrel v. Knox County, 25 F.4th 391, 408 (6th Cir. 2022) (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997)), and then show that the injury alleged "was incurred because of the execution of that policy," Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993).

> In Horn this Court granted a motion to dismiss in favor of the City of Covington
>
>> because the plaintiff had "not identified a specific Covington policy or custom that resulted in excessive force, a failure to intervene, or false arrest," nor did he provide "facts or examples to support his statement that Covington failed to properly train officers in the use of force," but instead just generally alleged that Covington had "failed to discipline officers for using improper force, and that due to a lack of training and supervision Covington officers have withheld, coerced, and fabricated evidence" without ever citing "a single prior instance or statistic in support of those claims."

Horn, 2015 WL 4042154, at *5, 2015 U.S. Dist. LEXIS 85323, at *13, restated with approval in French v. Hester, 585 F. Supp. 3d 974, 986–87 (E.D. Ky. 2022).

The Plaintiff claims that "the City of Covington maintains a custom, policy, or practice of tolerating misconduct by its police officers." (Complaint, paragraph 109). The Plaintiff further claims that the City of Covington fails "to investigate or discipline officers engaged in misconduct." (Complaint, paragraph 110).

To plausibly state a municipal-liability claim based on "an 'inaction theory,' where a policy of tolerating federal rights violations is unwritten but nevertheless entrenched," the plaintiff must show: "(1) the existence of a clear and persistent pattern of illegal activity; (2) notice or constructive notice on the part of the defendant; (3) the defendant's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the defendant's conduct was the 'moving factor' or direct causal link in the constitutional deprivation." Virgil v. City of Newport, No. CV 16-224-DLB-CJS, 2018 WL 344986, at *14 (E.D. Ky. Jan. 9, 2018), aff'd, 745 F. App'x 618 (6th

13

Cir. 2018), citing Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005). In Virgil, the Court dismissed the plaintiff's Complaint because the Complaint was "wholly devoid of any facts alleging prior instances of similar misconduct by any Newport police officers. Therefore, Virgil has failed to allege the existence of a clear and persistent pattern of illegal activity that could demonstrate that the City of Newport had notice or constructive notice of constitutional violations." Virgil, No. CV 16-224-DLB-CJS, 2018 WL 344986, at *16.

Plaintiff's formulaic recitation of elements and unsupported legal conclusions do not suffice to survive dismissal. Like in Horn, French, and Virgil the Platiniff's Complaint here cites only conclusion and does not identify any policy or custom which resulted in the claimed harm to the Plaintiff. There is no reference to any specific customs, similar past conduct, statistics, or other information that would support the City of Covington being on notice of an issue to support a *Monell* claim based on inaction. The Plaintiff does not address the requisite elements for his § 1983 claim directly nor does his Complaint offer facts sufficient for the Court to reasonably infer their existence. The Court need not accept Plaintiff's unsupported legal conclusions and should instead dismiss his Monell claim on account of its insufficiency under Rule 12 standards. See Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (quoting Columbia Natural Res., Inc. v. Tatum, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## IV. CONCLUSION

Each of Plaintiff's claims is fatally flawed. The Complaint is comprised entirely of unsupported legal conclusions extrapolated from facts which are on their face blatantly insufficient to establish any recoverable tort. Plaintiff's inability to support his allegations with factual matter is pervasive and serves as a constant throughout his Complaint, poignantly punctuating the baseless nature of

the claims there asserted. For all of the foregoing reasons, Defendant City of Covington respectfully requests dismissal of the Complaint.

                                        Respectfully submitted,

                                        */s/ Matthew A. Piekarski (KBA #93226)*
                                        John F. Parker, Jr.
                                        Matthew A. Piekarski
                                        PHILLIPS PARKER ORBERSON & ARNETT, PLC
                                        716 West Main Street, Suite 300
                                        Louisville, Kentucky 40202
                                        jparker@ppoalaw.com
                                        mpiekarski@ppoalaw.com
                                        (502) 583-9900
                                        *Counsel for Defendant, City of Covington*

### **CERTIFICATE OF SERVICE**

It is hereby certified that on the 14th day of August, 2025, a copy of the foregoing was filed through the ECF system, which will send a notice of electronic filing to counsel of record in this case:

Jamir Davis, Esq.
328 Scott Street
Covington, KY 41011
jdavis@jdaviscounsel.com
*Pro Se*

David V. Kramer (KBA #39609)
Mark D. Guilfoyle (KBA #27625)
Michael J. Enzweiler (KBA #96989)
Dressman Benzinger LaVelle PSC
109 East Fourth Street
Covington, KY 41011
dkramer@dbllaw.com
mguilfoyle@dbllaw.com
menzweiler@dbllaw.com
*Counsel for Defendants, Jeff Mando and Adams Law, PLLC*

                                        */s/ Matthew A. Piekarski (KBA #93226)*
                                        Matthew A. Piekarski