# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**JAMIR DAVIS,**
Plaintiff,

v.

**JEFF MANDO, et al.,**
Defendants.

Eastern District of Kentucky
FILED
AUG 22 2025
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

Case No. 2:25-CV-00113-DLB
Judge David L. Bunning

## PLAINTIFF'S MOTION TO REMAND

Comes now Plaintiff, by counsel, and pursuant to 28 U.S.C. § 1447(c), moves this Court for an Order remanding this action to the Kenton County Circuit Court, Commonwealth of Kentucky, Case No. **25-CI-01527**, from which it was removed. While the initial removal to this Court was arguably proper, Plaintiff subsequently amended his Complaint, eliminating all federal claims before any Defendant filed an Answer. As a result, this Court lacks subject-matter jurisdiction under either 28 U.S.C. § 1331 or § 1332, and remand is now required.

## I. BACKGROUND

Plaintiff originally filed this civil action in Kenton County Circuit Court, Commonwealth of Kentucky, Case No. 25-CI-01527, on July 16, 2025. The Kenton County docket reflects that on that date, Plaintiff filed a Complaint, three Summonses, and a Civil Case Cover Sheet. A Receipt was filed on July 17, 2025. Plaintiffs never served Defendants with the Complaint but three Returns of Service were filed on July 22, 2025. On August 8, 2025, Plaintiff filed an Exhibit

and a Notice of Filing. On August 12, 2025, Plaintiff filed his First Amended Complaint consisting of twenty-five pages.

The original Complaint contained one cause of action under 42 U.S.C. § 1983, along with multiple state-law claims. Based on the presence of the federal claim, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331. At that time, removal was arguably proper. However, on August 12, 2025, and before any Defendant filed an Answer, Plaintiff filed his First Amended Complaint, which expressly removed the sole federal cause of action under § 1983, leaving only state-law claims. The Amended Complaint is the operative pleading, and it eliminates any possible basis for federal question jurisdiction.

## II. ARGUMENT

Federal courts require jurisdiction to adjudicate a claim. Without jurisdiction, the federal court must remand. *See* Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025), "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."

### A. No Federal Question Jurisdiction Exists

Federal jurisdiction must exist both at the time of removal and throughout the litigation. Although the original Complaint contained a federal claim, the Amended Complaint filed on August 12, 2025, supersedes it and now asserts only state-law causes of action. Because the Amended

Complaint controls the scope of this case and no federal cause of action remains, federal question jurisdiction under 28 U.S.C. § 1331 no longer exists.

### B. No Diversity Jurisdiction Exists

Diversity jurisdiction under 28 U.S.C. § 1332 is also lacking. Complete diversity is absent.

### C. Remand is Required

While removal may have been facially proper when first filed, the operative pleading is now the Amended Complaint filed on August 12, 2025, which contains only state-law claims. Where an amended pleading eliminates all federal causes of action, the federal court must decline jurisdiction and remand. Because no basis for federal jurisdiction exists, remand to Kenton County Circuit Court is mandatory under 28 U.S.C. § 1447(c).

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an Order remanding this matter to the Kenton County Circuit Court, Commonwealth of Kentucky, Case No. 25-CI-01527, for lack of subject-matter jurisdiction, and for such other relief as the Court deems just and proper.

**Dated:** August 22, 2025

> Respectfully submitted,
>
> /s/ Jamir Davis
> Jamir Davis, Esq.
> J. Davis Law Firm, PLLC
> 328 Scott Street
> Covington, KY 41011
> (859) 750-5033
> jdavis@jdaviscounsel.com

(859) 750-5033

## Certificate of Service

I hereby certify that on this 22nd day of August, 2025, a true and correct copy of the foregoing Motion to Withdraw as Counsel was filed electronically via the CM/ECF system, which will send notice to all counsel of record.


**David V. Kramer (KBA #39609)**
**Mark D. Guilfoyle (KBA #27625)**
**Michael J. Enzweiler (KBA #96989)**
**DRESSMAN BENZINGER LAVELLE PSC**
**109 East Fourth Street**
**Covington, KY 41011**
**(859) 341-1881 (T)**
**(859) 788-2011 (F)**
**dkramer@dbllaw.com**
**mguilfoyle@dbllaw.com**
**menzweiler@dbllaw.com**
**Counsel for Defendants**
**Jeff Mando and Adams Law, PLLC**

**Matthew A. Piekarski**
**PHILLIPS PARKER ORBERSON & ARNETT, PLC**
**716 West Main Street, Suite 300**
**Louisville, Kentucky 40202**
**jparker@ppoalaw.com**
**mpiekarski@ppoalaw.com**
**(502) 583-9900**
**Counsel for Defendant, City of Covington**