UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| JAMIR DAVIS, | : | Case No. 2:25-cv-00113-DLB-CJS |
| | : | |
| Plaintiff, | : | Judge David L. Bunning |
| | : | |
| vs. | : | |
| | : | |
| JEFF MANDO, et al., | : | |
| | : | |
| Defendants. | : | |

**RESPONSE OF DEFENDANTS JEFF MANDO AND ADAMS LAW PLLC
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants, Jeffrey C. Mando and Adams Law PLLC (collectively "these Defendants"), by and through counsel, hereby state as follows for their Response in Opposition to Plaintiff's Motion to Remand this matter to the Kenton Circuit Court.

**INTRODUCTION**

Plaintiff's Motion to Remand is procedurally improper and should be denied. Once this matter was properly removed to federal court by the City of Covington, the Kenton Circuit Court ceased to have jurisdiction of the case, and Plaintiff's Amended Complaint filed in the state court is a nullity.

**UPDATED BACKGROUND AND PROCEDURAL HISTORY**

For a fuller background and procedural history of the present matter up to the filing of these Defendants' Motion for Judgment on the Pleadings ("MJOP") on August 14, 2025, these Defendants refer the Court to, and incorporate by reference, those contained in the Memorandum in Support of the MJOP. (Doc. 8) Following the City of Covington's removal of the case from the Kenton Circuit Court to this Court on August 8, 2025, Plaintiff filed an Amended Complaint in Kenton Circuit Court on August 12, 2025. Thereafter, the City of Covington filed a Motion to

1

Dismiss ("MTD") in this Court under Fed. R. Civ. P. 12(b) and (c) (Doc. 7) on August 14, 2025, and on the same date these Defendants filed their MJOP. On August 22, 2026, Plaintiff filed a Motion to Remand this matter to the Kenton Circuit Court (Doc. 9), arguing that the filing of the Amended Complaint in the state court had removed the only federal cause of action contained in the original Complaint and asserting that he had thereby eliminated the basis for federal jurisdiction.

On August 28, 2025, Plaintiff filed a Motion for Extension of Time (Doc. 11) to respond to the MTD and MJOP. This Court issued an Order (Doc. 12) on September 8, 2025, granting Plaintiff an extension of time to respond to the MTD and MJOP and granting Defendants an unspecified extension of time to respond to the Motion to Remand pending further briefing on the issue of subject matter jurisdiction. Out of an abundance of caution, these Defendants are filing this Response by the original deadline and also addressing the question of this Court's subject matter jurisdiction.

## LEGAL ARGUMENT

**PLAINTIFF'S FILING OF THE AMENDED COMPLAINT IN STATE COURT IS VOID AND THEREFOR A NULLITY AS THE STATE COURT LOST JURISDICTION OVER THE CASE UPON REMOVAL TO THIS COURT, THIS COURT RETAINS JURISDICTION OVER THE MATTER, AND THERE IS NO BASIS FOR REMAND AT THIS TIME**

Plaintiff's Motion to Remand effectively concedes that this matter was properly removed to federal court. Under 28 USC § 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal **and the State court shall proceed no further unless and until the case is remanded**." (emphasis added)

2

Under both federal and Kentucky law, the Kenton Circuit Court lost jurisdiction over this matter once the case was removed. First, Kentucky law provides that once a matter is removed, "the state court loses jurisdiction over the case unless and until the case is remanded by the federal court." *Green Seed Co., Inc. v. Harrison Tobacco Storage Warehouse, Inc.*, 663 S.W.2d 755, 757 (Ky. App. 1984) (citations omitted). Similarly, federal courts have long recognized that the "proper filing of a notice of removal immediately strips the state court of its jurisdiction." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir. 1996). *See also Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano,* 589 U.S. 57, 63-64 (2020) (after removal, "[t]he state court los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not ... simply erroneous, but absolutely void.") (citation and internal quotation marks omitted.).

According to 14C Wright & Miller, Federal Practice and Procedure §3736 (4th ed. 2025):

[N]umerous courts have ruled that any post-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court. Indeed, the federal court to which a case has been removed has the power to restrain further proceedings in the state court. (footnotes omitted).

An action that is coram non judice ("not before a judge") is "absolutely void" under Kentucky law. *See Union Bank & Trust Co. v. Edwards*, 137 S.W.2d 344, 348 (Ky. 1940).

With regard to subject matter jurisdiction, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Arrington v. Nationwide Mut. Fire Ins. Co.*, 2015 WL 852056 at *2, 2015 U.S. Dist. LEXIS 23082, at *2 (W.D. Ky. Feb. 26, 2015) (quoting *Harper v. AutoAlliance Int'l*, 392 F.3d 195, 210 (6th Cir. 2004)). Since removal was appropriate based on the Plaintiff's assertion of a federal cause of action, and the

3

operative pleading in this Court – the original Complaint – contains that cause of action, this Court retains subject matter jurisdiction.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's purported attempt to amend the Complaint in state court is ineffective, void, and a legal nullity, and is not a basis for remand to the Kenton Circuit Court. This Court retains subject matter jurisdiction. The Motion for Remand should be denied.

Respectfully submitted,

/s/ David V. Kramer
David V. Kramer (KBA #39609)
Mark D. Guilfoyle (KBA #27625)
Michael J. Enzweiler (KBA #96989)
DRESSMAN BENZINGER LAVELLE PSC
109 East Fourth Street
Covington, KY 41011
(859) 341-1881 (T)
(859) 788-2011 (F)
dkramer@dbllaw.com
mguilfoyle@dbllaw.com
menzweiler@dbllaw.com
*Counsel for Defendants*
*Jeff Mando and Adams Law, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record through the Court's CM/ECF system this 11th day of September, 2025.

/s/ David V. Kramer
David V. Kramer (KBA #39609)

4

3112678.3