**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:25-cv-00113-DLB-CJS**

Eastern District of Kentucky
FILED

SEP 1 2 2025

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**JAMIR DAVIS**                                                    **PLAINTIFF**

**v.**

**JEFF MANDO, ADAMS LAW PLLC and
CITY OF COVINGTON, DOES 1-40 in their
individual and official capacities.**                     **DEFENDANTS**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

---

## I. INTRODUCTION

Defendants ask this Court to dispose of Plaintiff's claims at the pleadings stage by re-labeling them as an impermissible "collateral attack," by unilaterally declaring their own contested statements "true," and by stretching Kentucky's judicial-statements privilege beyond recognition. But the gravamen here is narrow and concrete:

- Defendant Mando executed and filed a sworn declaration/affidavit falsely claiming 28.7 hours worked on an Equal Protection claim he elsewhere admitted he had not addressed;

- the affidavit was used to brand Plaintiff, attorney Davis, as having engaged in sanctionable misconduct;

- the affidavit was published on the docket and further provided to Link NKY, compounding reputational harm; and

- Covington police officers then intimidated Plaintiff and his staff by simulating gunfire outside his office, placing them in imminent fear of harm.

These allegations, accepted as true at this stage, plausibly state claims for defamation (including republication), intentional misrepresentation, assault/intimidation, and IIED/retaliation. Defendants' reliance on truth and privilege defenses only raises factual and legal issues not suitable for Rule 12(c). The Court must deny the motion.

## II. FACTUAL BACKGROUND

Plaintiff Jamir Davis is a civil-rights attorney who litigated *Wynn v. City of Covington*. After Davis challenged Covington Police Department misconduct, Defendants and their agents engaged in coordinated retaliation:

1. False sworn declaration. Defendant Mando submitted a written declaration/affidavit claiming 28.7 hours spent "defending" an Equal Protection claim, despite elsewhere admitting that claim had not been addressed at the summary-judgment stage. Plaintiff alleges this was a material falsity designed to prove Davis acted improperly and to secure sanctions against him personally.

2. Publication and republication. The declaration was filed on the docket (publication), and Defendants gave statements and information to *Link NKY*, which published coverage that Defendants then amplified. Kentucky law recognizes liability for those who endorse or cause dissemination of defamatory content.

3. Intimidation. Covington officers appeared outside Plaintiff's office, aimed and mimed firing weapons at him and his staff, and surveyed the premises. Plaintiff reasonably believed officers would return to harm him and employees, creating imminent apprehension of harm.

### III. LEGAL STANDARD

Judgment on the pleadings under Rule 12(c) mirrors Rule 12(b)(6): the Complaint need only plead "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Dismissal is improper unless "it appears beyond doubt that the plaintiff can prove no set of facts." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### IV. ARGUMENT

#### A. The Court Lacks Subject-Matter Jurisdiction and Must Remand

Plaintiff filed this action in Kenton County Circuit Court (Case No. 25-CI-01527). Although initial removal was arguably proper, Plaintiff filed an Amended Complaint on August 12, 2025, eliminating all federal claims before any Defendant filed an Answer. The operative Complaint asserts only state-law causes of action, eliminating jurisdiction under 28 U.S.C. § 1331. Diversity jurisdiction under § 1332 is also absent.

As the Supreme Court reaffirmed:

> "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If … the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

Without subject-matter jurisdiction, this Court must remand to Kenton County Circuit Court under 28 U.S.C. § 1447(c).

### B. Judicial Bias and Recusal

Even if jurisdiction remained, Judge Bunning's prior involvement in the *Wynn* litigation—including his sanctioning of Plaintiff—creates at least the appearance of impropriety. 28 U.S.C. § 455(a). Judges must recuse where impartiality may reasonably be questioned. Here, Judge Bunning has already formed opinions on Davis's litigation conduct, and continued presiding would undermine public confidence in fairness. Recusal is the only appropriate safeguard.

### C. Defamation Is Plausibly Pled Based on a False Affidavit and Its Publication/Republication

Plaintiff's Complaint plausibly alleges defamation based on the false affidavit submitted by Defendant Mando and its subsequent publication and republication. Kentucky law requires a defamatory statement of and concerning the plaintiff, publication, and resulting injury. Here, the sworn declaration falsely asserted that Mando spent 28.7 hours

defending an Equal Protection claim that he elsewhere conceded had not even been addressed at the summary-judgment stage. That falsehood, offered to paint Plaintiff as sanctionable and unprofessional, goes directly to his competence and integrity as an attorney and therefore constitutes defamation per se. The affidavit was placed on the public docket, which constitutes publication, and Defendants then provided information and commentary to *Link NKY* that formed the basis of media coverage, which they amplified—satisfying the element of republication. Plaintiff alleges concrete reputational injury and loss of professional opportunities; in cases of defamation per se, damages are presumed. Defendants' argument that the affidavit was "true" is a factual dispute not resolvable at the pleadings stage.

### D. The Judicial-Statements Privilege Does Not Bar Claims

Nor does Kentucky's judicial-statements privilege bar Plaintiff's claims on the pleadings. That privilege protects only statements that are material, pertinent, and relevant to adjudicating the subject of the litigation. Plaintiff alleges the affidavit was knowingly false and not directed at advancing a merits defense but at discrediting opposing counsel personally and obtaining sanctions. Such statements fall outside the privilege's limited scope. Even more, the privilege does not extend to extrajudicial dissemination; Plaintiff alleges Defendants provided statements to *Link NKY* and amplified its reporting, conduct plainly outside judicial proceedings. And unlike advocacy in a motion or brief, the sworn declaration was offered as "evidence" of hours purportedly worked. Treating knowingly false factual declarations filed for collateral advantage as absolutely privileged would

swallow Kentucky's materiality limitation and shield intentional misconduct. At minimum, the scope of the privilege here is a mixed question of fact and law not resolvable under Rule 12(c).

### E. Intentional Misrepresentation Is Adequately Pled

Plaintiff also states a claim for intentional misrepresentation. He alleges false statements in Mando's sworn declaration, knowledge of their falsity or reckless disregard, and intent to induce reliance by the tribunal and the broader legal community that Davis had engaged in wrongful conduct. He further alleges that the tribunal and the public, through media reporting, relied on those false statements, and that Davis suffered professional and reputational injury as a result. These allegations track the elements of fraud and intentional misrepresentation under Kentucky law and are sufficient at the pleading stage.

### F. The Collateral-Attack Doctrine Does Not Apply

Defendants' invocation of the collateral-attack doctrine is misplaced. Plaintiff is not asking this Court to overturn or disregard the rulings in *Wynn v. City of Covington* or to revisit the Sixth Circuit's affirmance. Rather, he seeks damages for Defendants' independent torts: executing and filing a false affidavit, publishing and republishing it to the press, and intimidating him and his staff at his workplace. These acts were not litigated in *Wynn*, nor were they necessary to the judgment in that case. Kentucky's issue-preclusion doctrine requires identity of issues actually litigated and decided, and those requirements are not

satisfied here. The "collateral attack" label does not apply to claims that stand on their own as intentional torts.

## G. Assault and IIED/Retaliation Are Plausibly Pled

Plaintiff also adequately pleads assault and intentional infliction of emotional distress. Officers affiliated with the City repeatedly appeared outside his office, mimed pointing and firing a weapon at him and his staff, and surveilled the premises. Such conduct would cause any reasonable person to apprehend imminent harm. Plaintiff further alleges that he and his staff believed officers would return to harm them, satisfying the requirements of assault under Kentucky law. These same facts, combined with the false affidavit impugning his integrity and the orchestrated media coverage, plausibly allege extreme and outrageous conduct that caused severe emotional distress. Kentucky recognizes such conduct as actionable under the tort of outrage.

## H. Negligence and Agency Liability

Although Plaintiff's principal theories against Defendants sound in intentional tort, negligence is pled in the alternative, particularly against the City of Covington for failing to prevent retaliatory conduct by its employees. To the extent Defendants argue they cannot be liable under negligence, agency principles establish the City's liability for acts of its legal representatives and police officers undertaken within the scope of their authority. Kentucky follows the Restatement (Third) of Agency, which holds principals responsible for the acts of

authorized agents. Thus, even if intentional torts are not attributed directly to Mando and Adams Law, the City remains liable under agency law.

## I. Leave to Amend

Finally, even if the Court were to identify any deficiency in the Complaint, dismissal with prejudice would be improper. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely granted when justice so requires. The Sixth Circuit applies this standard with a strong bias toward allowing amendment, absent undue delay, bad faith, or futility. If the Court finds any element insufficiently pled, Plaintiff respectfully requests leave to amend so that the case may be resolved on its merits rather than on technicalities.

## V. CONCLUSION

This Court lacks subject-matter jurisdiction and must remand. Alternatively, Judge Bunning should recuse. Even if this Court were to reach the merits, Defendants' motion depends on disputed facts and overbroad privilege theories. False affidavits used to impugn opposing counsel, republication to the press, and physical intimidation are actionable under Kentucky tort law. The Court should DENY Defendants' Motion for Judgment on the Pleadings in full.

Respectfully submitted,

/s/ Jamir Davis
Jamir Davis, Esq.
J. Davis Law Firm, PLLC
328 Scott Street
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, I filed the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings in person with the Clerk of Court, United States District Court for the Eastern District of Kentucky, Covington Division, and further caused a true and correct copy to be electronically sent via email to the following:

John F. Parker, Jr.
Matthew A. Piekarski
PHILLIPS PARKER ORBERSON & ARNETT, PLC
716 West Main Street, Suite 300
Louisville, Kentucky 40202
jparker@ppoalaw.com
mpiekarski@ppoalaw.com
(502) 583-9900
*Counsel for Defendant, City of Covington*

David V. Kramer (KBA #39609)
Mark D. Guilfoyle (KBA #27625)
Michael J. Enzweiler (KBA #96989)
Dressman Benzinger LaVelle PSC
109 East Fourth Street
Covington, KY 41011
dkramer@dbllaw.com
mguilfoyle@dbllaw.com
menzweiler@dbllaw.com
*Counsel for Defendants, Jeff Mando and Adams Law, PLLC*

/s/ Kaylah Bozman
Kaylah Bozman

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:25-cv-00113-DLB-CJS**

**JAMIR DAVIS**                                                                 **PLAINTIFF**

**v.**

**JEFF MANDO, ADAMS LAW PLLC and
CITY OF COVINGTON, DOES 1-40 in their
individual and official capacities.**                          **DEFENDANTS**

---

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

---

This matter is before the Court on Defendants' Motion for Judgment on the

Pleadings. The Court, having considered the motion, Plaintiff's response in

opposition, and the record, finds that the motion should be, and hereby is, DENIED.

Accordingly, IT IS ORDERED as follows:

1. Defendants' Motion for Judgment on the Pleadings is DENIED; and

2. This matter shall proceed consistent with the Federal Rules of Civil Procedure.

SO ORDERED this _____ day of _____, 2025.

_____

Hon. David L. Bunning

United States District Judge